# The Farmers' and Mechanics' Bank of Shippensburg *versus* Lefever.

1. In assumpsit the verdict was for the plaintiff; no question was reserved; the court entered judgment *non obstante veredicto*. Held to be error, although the evidence may not in law have warranted the verdict.

2. Whenever a point is reserved the verdict should be taken subject to the opinion of the court on the reservation, that the record may show the ground on which the judgment is based.

3. It is improper practice, when the reserved points appear only in the bill of exceptions, and an exception is taken to the final judgment.

4. The court below having without a reserved point entered judgment for the defendant *non obstante veredicto*, on the ground that in law the evidence did not warrant the verdict, on reversal, the Supreme Court, under the circumstances, instead of entering judgment on the verdict, sent the case back that the defendant might move for a new trial *nunc pro tunc*.

May 12th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Cumberland county:* Of May Term 1873, No. 47.

This was an action of assumpsit, brought December 23d 1869, by the Farmers' and Mechanics' Bank of Shippensburg against David Lefever. The plaintiffs alleged as their cause of action that the defendant had instructed the plaintiffs to pay the checks of the firm of Gilson Smith & Co., who were doing business with the bank, notwithstanding that firm might have an overdrawn account, and that the defendant would pay the plaintiffs; that subsequently the defendant countermanded this authority, but that at the time of the countermand Gilson Smith & Co. owed the bank $911.02. It was to recover this sum that this suit was brought.

The plaintiffs gave evidence of a verbal undertaking by the defendant to pay Gilson Smith & Co.'s checks; and various settlements with him, in which he paid their over-drafts, &c.

The defendant gave evidence for the purpose of showing that all

24 P. F. SMITH—4

the checks paid were charged to Gilson Smith & Co., and that the bank looked to them, in the first instance, for payment; and the defendant's promise to pay the over-drafts was collateral to pay the debt of Gilson Smith & Co.

The court, Junkin, P. J., charged * * * "Should you find that Lefever did assume to become paymaster for Gilson Smith & Co., then you will further inquire whether the credit given to Smith & Co. was in fact given by the bank to Lefever's undertaking and upon his sole credit and responsibility, and in no degree upon the faith of Smith & Co. paying the overchecked accounts of that firm.

"The following statute was passed in Pennsylvania on the 26th April 1855, in these words: 'No action shall be brought whereby to charge any executor or administrator upon any promise to answer damages out of his own estate or whereby to charge the defendant upon any special promise to answer for the debt or default of another, unless the agreement upon which said action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith or some other person by him authorized.' * * *

"Now, an engagement is collateral if the person for whose use goods are furnished upon the defendant's promise or guaranty be liable at all, though it were the chief inducement to supply the goods; and all such undertakings must be in writing; and it is a question for you to determine, under the facts of this case, to whom the credit was given. From the very definition of a collateral promise it follows that there must be some one who owes the debt directly. * * *

"But if you find such promise and undertaking was made, but the bank, in thus advancing this money on the checks of Smith & Co., looked to both Gilson Smith & Co. and Lefever for repayment, then the promise of Lefever would be collateral, and not being in writing, as required by the Statute of Frauds, as we have read to you, the plaintiff cannot recover. On these simple principles you will dispose of the case, and find such verdict as may accord with your convictions produced by the evidence." * * *

Both parties excepted to the charge, but no question was reserved by the court.

The verdict was for the plaintiffs, for $1066.80.

The defendant obtained a rule to show cause why judgment should not be entered for him *non obstante veredicto.*

After argument, the court, Junkin, P. J., made the rule absolute, and directed judgment to be entered for the defendant *non obstante veredicto.* The judge, in the conclusion of his opinion, saying:—

"In no aspect of this case can Lefever be considered the primary debtor, or that his is the superior liability. The use made

of the money by the original debtor cannot have the least weight in determining the question of the defendant's liability. That Lefever made this assumption, and that plaintiff relied upon and advanced the money of the bank on the faith of said understanding, cannot be doubted. And whilst we regret the misfortune of the plaintiff that the evidence of the promise rests wholly in parol, we are constrained by imperative duty to say that this parol undertaking and promise by the defendant to the plaintiff is within the Statute of Frauds, and its execution forbidden, however much it may harm the plaintiff."

On the removal of the record to the Supreme Court, the plaintiffs assigned for error that :—

The court erred in directing judgment to be entered *non obstante veredicto*, without "points being reserved," "facts admitted," or "specially found by the jury."

*W. H. Miller* (with whom were *J. A. C. McCune* and *J. R. Miller*), for plaintiffs in error.—To authorize a judgment *non obstante veredicto*, the facts must be admitted or found by the jury: Clark *v.* Wilder, 1 Casey 314; Irwin *v.* Wickersham, Id. 316; Wilson *v.* Steamboat Tuscarora, Id. 317; Amer. Oil Co. *v.* Forsyth, 12 Wright 291; Winchester *v.* Bennett, 4 P. F. Smith 513; Miller *v.* Hershey, 9 Id. 67; Wilde *v.* Trainor, Id. 439; Campbell *v.* O'Neill, 14 Id. 290.

*L. Todd* (with whom was *W. F. Sadler*), for defendant in error.

The opinion of the court was delivered, July 2d 1873, by

SHARSWOOD, J.—This judgment must be reversed. To a declaration in assumpsit, the defendant pleaded the general issue. A jury was called, and on the 20th April 1872, a verdict was rendered in favor of the plaintiffs, for $1069.80. On the same day appears a rule to show cause why judgment should not be entered for the defendant *non obstante veredicto*, and on the 16th of July 1872, the opinion of the court was filed, and judgment entered for the defendant, notwithstanding the verdict. Upon what this judgment is grounded—where the only issue was one of fact, and had been found for the plaintiff—does not appear, except from the opinion of the learned president filed, that the evidence given, did not in law, warrant the verdict. This would have been a very sufficient reason for setting it aside and granting a new trial. If the same evidence was given on the second trial, and his opinion remained unchanged, he could have directed the jury to find for the defendant. Upon an exception by the plaintiffs, we could then, on a writ of error, have considered whether his charge was correct in point of law. But we have it not now before us. The plaintiffs, who have taken this writ of error, insist that the charge below was

[Farmers' and Mechanics' Bank *v.* Lefever.]

right in submitting the question to the jury, and have assigned no error except to the opinion of the court upon the rule and the judgment *non obstante veredicto*.

It has been attempted to support the judgment upon the notion that it may be regarded . as entered upon a reserved point. But the record shows no reservation. Properly, wherever there is a point or points reserved at the trial, the verdict should be taken subject to the opinion of the court, upon the reserved points. The record then shows the ground upon which the final judgment *non obstante veredicto* is based. But a loose practice has prevailed, and been sanctioned by this court, according to which it is considered sufficient that the reserved point or points should appear on the bill of exceptions, bringing, thereby, the facts on the record. We have here five bills of exceptions—three by the plaintiffs and two by the defendant—to the admission and rejection of evidence, but as there does not appear any reservation, of course there is no exception on that head, nor was there any exception to the final judgment, as is necessary, wherever there is a judgment entered upon a reserved point or points. No such exception was requisite here, for the judgment is without warrant and erroneous on its face. It is not necessary that we should consider the plaintiffs' bills of exceptions, for they have not been assigned for error.

We might enter judgment on the verdict for the plaintiffs. But that would not be just to the defendant. It does not appear that the rule for judgment was taken at his instance. It is true, he ought to have made his motion for a new trial within the time prescribed by the rule. But it looks very much as if he had been precluded from this course by the action of the court. We remand the case for further proceedings, in order that the defendant may apply for leave to enter a motion for a rule for a new trial *nunc pro tunc*.

Judgment reversed and procedendo awarded.